Jackson, C. J.
1. An indictment for perjury committed by a witness sufficiently charged that the oath administered to her was legal, where it alleged that the accused was “in due manner sworn, laying her hand on the Holy Evangelist of Almighty God, and took her corporal oath to speak the truth as such witness.” Code, §4460.
2. Where an indictment for perjury charged that the defendant was swearing on the trial of a case of assault and battery, it was a sufficient allegation of the materiality of the issue to state that “at and upon said trial, it became and was a material question, and questions, and subject of inquiry whether the said Laura Johnson saw the said George Baker, the defendant in said cause, on the night near Judge Montgomgomery’s at the time of the alleged offense . . and whether the said George Baker. . . did strike her . . . and whether the said Laura Johnson had sworn before the mayor of Americus that George Baker, defendant as aforesaid, had knocked her down and almost killed her,” etc:
3. The battery was upon a witness, and the allegations in the indictment above stated sufficiently show it. It is not necessary to allege the fact in distinct words, if at all. It is enough that the jury understood the charge.
4. Where the indictment alleged that the defendant, “by her own *442 act and consent, and of her most wicked and corrupt mind, in manner and form aforesaid, she wilfully, knowingly, absolutely and falsely did commit wilful perjury,” tnis was a sufficient allegation that her testimony was false, without setting out in opposition to it what was the truth. Code, §4628.
J. W. Brady; S. C. Elam; B. B. Hinton, for plaintiff in error.
C. B. Hudson, solicitor general, by W. A. Hawkins, for the State,
5. That the court had authority to administer the oath is plainly alleged, which would support the indictment, without regard to what the defendant swore before the mayor.
Judgment affirmed.